IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MISSOURI HIGHWAYS AND )
TRANSPORTATION COMMISSION, )
for the use and benefit of: )
BUILDEX, INC., )
 )
               Plaintiff, )
 )
    v. )   Case No. 14-4037-JWL
 )
WESTERN READY-MIX, INC. and )
TRAVELERS CASUALTY AND )
SURETY COMPANY OF AMERICA, )
 )
               Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter presently comes before the Court on plaintiff's motion for summary judgment on its claim for breach of contract (Doc. # 33). For the reasons set forth below, the Court **denies** the motion.

### I.    **Background**

The following facts are undisputed. Plaintiff Missouri Highways and Transportation Commission brought this case on behalf of Buildex, Inc ("Buildex").[1] Buildex entered into a contract with defendant Western Ready-Mix, Inc. ("Western"),

---

[1] The Court will refer to the plaintiff as "Buildex" in this opinion.

under which Buildex supplied aggregate for a highway bridge contract in Missouri. Buildex delivered the aggregate to Western between February 2013 and June 28, 2013, and Western accepted the aggregate and used it in the bridge project. Western paid Buildex for most of the deliveries of aggregate, but it did not make payments on two invoices in the total amount of $65,309.86. Western did not provide a reason for its failure to pay at the time those payments were due on July 23, 2013, and July 30, 2013. On September 27, 2013, Western notified Buildex for the first time that it was refusing to pay those invoices because some of the aggregate was heavier than anticipated.

Buildex has brought claims against Western for breach of contract and quantum meruit. By those claims, Buildex seeks to recover the outstanding amount due, plus contractual interest, as well as additional interest and attorney fees pursuant to Missouri statute. Buildex also asserts a claim on the bond for the project issued by defendant Travelers Casualty and Surety Company of America ("Travelers"). Western has asserted various counterclaims against Buildex, including claims for breach of warranty based on the allegation that the aggregate did not meet specific gravity requirements.

**II.    Analysis**

Buildex seeks summary judgment against defendants on its contractual claim for the outstanding purchase price and for contractual interest.[2] The parties agree that

---

[2]The parties agree that Travelers's liability for such damages is co-extensive with
(continued...)

2

Buildex's claim is governed by Missouri law and that Missouri's enactment of the Uniform Commercial Code (UCC) governs the sale here.

Western does not dispute that it accepted the goods delivered by Buildex (the aggregate) and that it failed to pay $65,309.86 that was due on the purchase price. Under UCC § 607, "[t]he buyer must pay at the contract rate for any goods accepted." *See* Mo. Rev. Stat. § 400.2-607(1). Under UCC § 2-709, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover . . . the price . . . of goods accepted." *See id.* § 400.2-709(1)(a). Thus, if a buyer accepts goods, it is ordinarily liable to the seller for the purchase price.

Buildex notes Western's explanation that it did not pay a portion of the purchase price because the aggregate did not conform to the requirements of the contract. Thus, Buildex has addressed Western's possible defense under UCC § 2-717, which provides as follows:

> The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract.

*See id.* § 400.2-717. Buildex argues, however, that Western did not satisfy the requirements of that provision because it did not provide notice to Buildex of any intention to deduct damages from the remaining outstanding purchase price before those

---

²(...continued)
Western's liability. Travelers has joined Western's opposition to the motion for summary judgment.

3

amounts were due. Buildex thus argues that Western cannot rely on that defense, and that Buildex is therefore entitled to summary judgment on its claim for the purchase price.

The Court first addresses the scope of Buildex's motion for summary judgment. In its motion and supporting brief, Buildex has requested summary judgment on its claim against Western for breach of contract and its claim against Travelers on the bond, but it has not requested summary judgment on any counterclaim asserted by Western. Nevertheless, Buildex suggests in its initial brief that, should it prevail on its motion for summary judgment, the only issue remaining for trial would be its entitlement to additional interest and fees pursuant to Missouri statute. In addition, in its reply brief, Buildex argues that Western's counterclaims for breach of warranty should be barred because Western did not pay the full purchase price. Buildex also argues in its reply brief that Western's other counterclaims are barred under the economic loss doctrine and because they restate Western's warranty claims.

The Court rejects any such arguments. As noted, Buildex moved for summary judgment only on its own claims, and the Court will not consider new arguments concerning the viability of the counterclaims raised for the first time in the reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

Moreover, Buildex has not provided any authority to support the argument that

4

Western may not pursue its counterclaim under the UCC if it may not rely on Section 2-717. To the contrary, UCC § 2-714 provides that as long as a buyer has given notice to the seller pursuant to Section 2-607(3), the buyer may recover damages for any nonconformity of accepted goods. *See* Mo. Rev. Stat. § 400.2-714(1). The comment to that section notes that Section 2-717 provides an additional remedy if part of the purchase price is still owed, which two remedies may be available concurrently. *See id.* cmt. 1. Indeed, even in one of the main cases on which Buildex relies, *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 686 F. Supp. 1319 (N.D. Ill. 1988), the court permitted the defendant's warranty counterclaims to go forward (on the basis of existing questions of fact) despite granting partial summary judgment to the plaintiff seller for the remainder of the purchase price for accepted goods. *See id.* at 1344. Moreover, Section 2-717 does not contain any language suggesting that the buyer of accepted goods forfeits all rights to recover for a breach of warranty by failing to satisfy that provision's notice requirement; rather, the comment to that section states only that such a buyer must give the required notice if it wishes to avoid a default within the meaning of Section 2-609 regarding assurances. Accordingly, the Court denies Buildex's motion to the extent that Buildex seeks any relief or ruling relating to Western's counterclaims.

Buildex's motion for summary judgment rests on its argument that Western is not entitled to a deduction pursuant to UCC § 2-717 because it provided notice to Buildex of its intention to deduct damages for breach only after the payments were due. In its

5

brief, Western does not address whether its notice was timely under Section 2-717.[3]
Nevertheless, Buildex has failed to show as a matter of law that Western's notice was deficient under that provision of the UCC. Buildex argues that Western was required to give its notice before the payments that it withheld were actually due, but Buildex has not cited to any caselaw to support that argument. In the primary cases cited by Buildex, the courts concluded that notice given for the first time in the form of a counterclaim asserted in the seller's suit for the price was not sufficient under Section 2-717, but those courts did not address whether pre-suit notice (such as that given by Western here) could be effective under that provision if it came after the payment's due date. *See Quaker Alloy Casting Co.*, 686 F. Supp. at 1344; *Midwest Grain Prods., Inc. v. Envirofuels Marketing, Inc.*, 1996 WL 445070, at *6-7 (D. Kan. July 12, 1996). Moreover, the conclusion of those courts regarding notice first given in a lawsuit is not a universal one, as at least some courts have concluded that notice under Section 2-717 may be given in the complaint. *See, e.g.*, *McDowell Research Corp. v. Tactical Support Equip., Inc.*, 2009 WL 2901594, at *8 (W.D.N.Y. Sept. 4, 2009) (citing cases applying New York law). Finally, Section 2-717 itself requires that the buyer notify the seller when it deducts damages from the price still due under the contract, but it does not expressly require that such deduction be made before the payment is due. Thus, for instance, if

---

[3]Western devotes the bulk of its brief to its argument that its notice of breach pursuant to UCC § 2-607(3) was not untimely as a matter of law. Buildex did not raise any such issue in its motion, however.

6

Western had decided to claim as damages only part of the amount remaining under the last two invoices, while remitting the remainder and giving notice of the deduction in September 2013, after the payments were due, it might reasonably argue that its notice was timely under Section 2-717 because it came at the time it made the deduction. Buildex has provided no authority suggesting that the deduction allowed in Section 2-717 necessarily occurs whenever a payment deadline is missed.

With respect to Buildex's claim for the purchase price, the timing of a ruling on Buildex's claim for the outstanding balance is fairly irrelevant—whether it receives that ruling now or at trial, and whether or not Western may assert a defense pursuant to Section 2-717, Buildex must await trial on Western's counterclaim to determine the net amount due between the parties. *See ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 704 (7th Cir. 1995).[4] Western's ability to rely on this provision, however, *could* affect whether and for what period Buildex may recover contractual interest on amounts due. For instance, if Western did give sufficient notice under Section 2-717, the question would arise whether Buildex could nonetheless collect interest on the entire unpaid amount from the due dates through the date of that notice. Although Buildex moved for

---

[4]According to the pretrial order (and in "deducting" its damages by failing to make payments), Western has claimed damages for breach of warranty in the exact amount of the two unpaid invoices—even though its claim seemingly relates to more shipments than those last two—plus $3,103.79 in incidental damages for testing of the aggregate. Western has not explained how its primary damages were calculated to equal the total of the unpaid invoices, *cf.* Mo. Rev. Stat. § 400.2-714 (damages for breach of warranty is the difference between the value of goods accepted and the value of the goods as warranted), but that question is not before the Court on this motion.

summary judgment as well on its claim for contractual interest, neither party has addressed how that claim is affected by Section 2-717. In the absence of briefing from the parties on that issue, the Court declines at this time to resolve the issue. Accordingly, in light of that outstanding issue, the Court will not enter any judgment in Buildex's favor at this time, and the motion for summary judgment is therefore denied.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for summary judgment (Doc. # 33) is **denied**.

IT IS SO ORDERED.

Dated this 6th day of July, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
