IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MISSOURI HIGHWAYS AND )<br>TRANSPORTATION COMMISSION, )<br>for the use and benefit of: )<br>BUILDEX, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTERN READY-MIX, INC. and )<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA, )<br>)<br>Defendants. )<br>)<br>_____) | Case No. 14-4037-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by plaintiff Buildex, Inc. ("Buildex") to amend the judgment and for attorney fees (Doc. # 75). That motion is **granted in part and denied in part**. The motion is granted with respect to Buildex's claim for contractual interest, and the judgment will be amended to include an award of such interest. The motion is denied with respect to Buildex's claims for penalty interest and attorney fees under the Missouri Prompt Payment Act. This matter also comes before the Court on the motion by defendant Western Ready-Mix, Inc. ("Western") for awards of attorney fees and prejudgment interest (Doc. # 76), but the Court **denies** that motion.

## I. Background

In this action, Buildex brought a claim against Western for breach of contract based on Western's failure to pay for lightweight aggregate supplied by Buildex that Western used in a public construction contract. Buildex also sought to recover those damages from surety Travelers Casualty and Surety Company of America ("Travelers"). Buildex also asserted claims against Western for penalty interest and attorney fees under the Missouri Prompt Payment Act, Mo. Rev. Stat. § 34.057. Western asserted counterclaims against Buildex for breach of express and implied warranties. The case was tried to a jury over three days in November 2015. The jury found that Western had not properly withheld payment for the aggregate, and it awarded damages to Buildex for breach of contract in the amount of $65,309.86. In response to questions relating to Buildex's Prompt Payment Act claim, the jury found that Western did not withhold payment in good faith for reasonable cause, but that Western had not received all payments due to it from the general contractor, Walsh Construction ("Walsh"), relating to Western's work with the lightweight aggregate supplied by Buildex. The jury also found that Western had not proved its implied warranty claim, but it awarded Western damages in the amount of $24,033.40 on Western's counterclaim for breach of an express warranty.

On November 18, 2015, the Court entered judgment in favor of Buildex against Western and Travelers, jointly and severally, in the amount of $65,309.86, plus post-judgment interest at the applicable rate; and in favor of Western against Buildex in the

amount of $24,033.40, plus post-judgment interest at the applicable rate. The Court also set a schedule for post-trial motions and requested briefing by the parties on particular issues. Buildex and Travelers each submitted principal and response briefs, although neither party filed a reply brief. Travelers did not file a brief or seek any post-trial relief. Neither Buildex nor Western stated that in its principal brief that it was filing a motion for post-trial relief. In the briefs, however, Buildex seeks an award of contractual interest and awards of penalty interest and attorney fees under the Prompt Payment Act, while Western seeks awards of prejudgment interest and attorney fees. Therefore, the Court construes the parties' briefs as motions to amend the judgment and for attorney fees.

## II.     **Buildex's Claims Under the Prompt Payment Act**

Buildex has asserted claims for penalty interest and attorney fees under the Prompt Payment Act, Mo. Rev. Stat. § 34.057. At trial, Western asserted that because it had not received full payment from Walsh, the general contractor, any outstanding payment to Buildex was not untimely for purposes of the Act. The jury then found as a matter of fact that Western had not received full payment from Walsh, and the Court requested briefing on the effect of that finding on the Prompt Payment Act claims.

It is briefs, Buildex concedes that under Section 34.057.1(7), it can only prevail on its statutory claims if Western failed to pay it within 15 days of Western's own "receipt of payment" from the general contractor. *See id.*; *see also, e.g.*, *City of*

3

*Independence ex rel. Briggs v. Kerr Constr. Paving Co.*, 957 S.W.2d 315, 320-21 (Mo. Ct. App. 1997) (under Prompt Payment Act, contractor shall be liable for penalty interest and may be liable for attorney fees if the contractor does not pay a subcontractor or supplier within 15 days after its own receipt of payment and if such payment was withheld without reasonable cause). The jury found that Western did not receive full payment from Walsh. Thus, Buildex's claims under the Act fail.

Despite the jury's finding, Buildex argues that the Court should nevertheless rule that Walsh effectively "paid" Western by setting aside the final payment to Western, as if in escrow, until Western's dispute with Buildex was resolved. The Court rejects this argument. Buildex argues that, because of Buildex's claim, Walsh was merely setting aside money that it owed to Western. Buildex never raised this issue at or before the trial or argued constructive receipt, either to the Court or to the jury. Therefore, Buildex is precluded from doing so now.

Moreover, the Court would reject any argument that there was constructive receipt of payment by Western from Walsh as a matter of law. Buildex relies on testimony by Western's owner that he assumed Walsh would pay Western the withheld amounts after Western's dispute with Buildex was resolved. There was no evidence at trial, however, concerning the contract between Walsh and Western or any details or conditions of Walsh's failure to pay Western; thus, it cannot be presumed as a matter of law that Walsh intended to pay Western the outstanding amount whatever the outcome of Western's dispute with Buildex—indeed, it is entirely possible that Walsh withheld

4

payments from Western because it would *not* owe those amounts to Western if Western did not owe additional payments to the supplier. Furthermore, Buildex has provided no authority to support an interpretation of the statutory requirement that there be "receipt of payment" to include constructive receipt as argued here.

Thus, the issue is decided by the jury's finding—the statute requires payment by Walsh to Western, and the jury specifically found that such payment had not been made. Although Buildex did not make any such argument in its initial post-trial brief, it argues in its response brief that the jury's finding was not supported by evidence and should be overturned, and that its initial brief should be construed to include a motion for such relief. Western's owner, however, clearly testified that Walsh did not pay Western for all of its work using the aggregate supplied by Buildex. Thus, there is evidence to support the jury's finding, and therefore the Court will not disturb that finding. *See Bartee v. Michelin North America, Inc.*, 374 F.3d 906, 914 (10th Cir. 2004) (court must affirm the jury verdict if, viewing the record in the light most favorable to the nonmoving party, it contains evidence upon which the jury could properly return a verdict for the nonmoving party).

The Court also rejects Buildex's argument that the jury's finding is inconsistent with its finding that Western did not withhold the amounts due to Buildex in good faith. Buildex argues that the latter finding implies that Western had something to "withhold" from Buildex, which must mean that Western was paid by Walsh. The most reasonable interpretation of the no-good-cause finding, however, is that Western "withheld"

5

payment merely by failing to pay Buildex; the jury's finding does not reasonably imply anything about the source of the funds Western otherwise would have used to pay Buildex. The jury found explicitly that Western did not receive all payments from Walsh, and thus there is no basis to suggest that the jury in fact believed the contrary to be true.

Thus, because Buildex did not prove that Western had received payment from Walsh (which showing Buildex concedes was required), Western's obligation to pay Buildex was not triggered for purposes of the Prompt Payment Act, and therefore Buildex is not entitled to an award of penalty interest under the Act. Buildex concedes that it is not entitled to an award of attorney fees under the Act if it does not prevail on its claim for penalty interest. *See Kerr*, 957 S.W.2d at 323. Accordingly, the Court rejects Buildex's claims under the Act, and it denies Buildex's motion to amend the judgment to include awards under the Act.

### III. Western's Request for Attorney Fees

In its briefs, Western states that, in the event that it prevails on Buildex's claims under the Prompt Payment Act, the Court has discretion to award Western its attorney fees. Western did not preserve such a claim in the pretrial order, however, and it has failed to provide any authority for an award of fees here, either under the Act or otherwise. The Act provides for an award of fees (in the Court's discretion) to the prevailing party upon a finding that payments were not withheld in good faith for

reasonable cause, *see* Mo. Rev. Stat. § 34.057.8, which means in effect that only a prevailing claimant may receive an award of fees. Western has not provided any authority supporting an award of attorney fees under the Act to a prevailing defendant who withheld payment from the plaintiff. The Act also provides for an award of fees if the opposing party in litigation asserted a claim or filed a motion frivolously and in bad faith, *see id.*, but Western has not argued that Buildex's claims under the Act were frivolous, and the Court declines to make any such finding. Accordingly, the Court denies Western's motion for an award of attorney fees.

### IV.     Buildex's Claim for Contractual Interest

Buildex asserted a claim for contractual interest on the amounts not paid by Western. Specifically, the parties' contract provided for interest on late payments at a rate of 1.5 percent per month. In this case, Western has not disputed Buildex's entitlement to contractual interest, and thus no issue of fact was submitted to the jury on this claim. According to the uncontroverted evidence, payments on the two invoices at issue were due from Western at least by August 1, 2013, and Buildex seeks an award of interest on the entire unpaid amount of $65,309.86 from that date at the contractual rate. In response to the Court's request for briefing on the issue of the calculation of this interest, Western has not made any argument. Instead, in its initial brief, Western conceded that Buildex is entitled to an award of interest at the contractual rate, and it stated that the only issues were the starting date and the accuracy of the resulting

7

computation. Western further stated that it would reserve comment on those remaining issues until it could review Buildex's initial brief, but that would likely stipulate to the amount if Buildex sought an amount "as expected." Western did not address this issue in its response brief, however, and it did not file any reply brief.

Thus, the Court decides this issue as unopposed. As noted above, Buildex's request to recover interest from August 1, 2013, is supported by the evidence. Thus, the Court rules as a matter of law that Buildex is entitled to recover from Western contractual interest at a rate of 1.5 percent per month from August 1, 2013, to January 6, 2016, the date of the amended judgment in this case, in a total amount of $28,566.59 ($979.65 per month for 29.16 months). Buildex's motion to amend the judgment to include such an award is therefore granted, and the judgment will be amended to include the liability of Western and Travelers to Buildex for such an award.

### V.     **Western's Request for Prejudgment Interest**

In its brief, Western requests an award of prejudgment interest on its judgment for $24,033.40 on its counterclaim, at a rate of nine percent per annum pursuant to Mo. Rev. Stat. § 408.020. Prejudgment interest may be awarded under that statute only on liquidated damage claims, and to be liquidated, the amount of the claim must be fixed or readily ascertainable by calculation. *See Macheca Transport Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1196 (8th Cir. 2013) (citing Missouri cases).

Western has not offered any argument why its counterclaim was for a liquidated

amount, and the Court agrees with Buildex that this was not a liquidated claim here. Western's claim was not for a determined or readily-ascertained amount. At trial, the jury was instructed to award an amount that would fairly compensate Western for the breach of warranty, and Western's witness on the issue of damages offered multiple amounts and methods of calculation for the jury to consider. The jury then chose to award a different, significantly-lower amount of damages to Western. Thus, the Court concludes that Western's counterclaim was not for a liquidated amount, and it therefore denies Western's motion to amend the judgment to include an award of prejudgment interest on that claim.

### VI.     Nature of Travelers's Liability

The Court awarded judgment to Buildex against Western and Travelers jointly and severally for Buildex's contractual damages. *See Kerr*, 957 S.W.2d at 319 (surety was liable jointly and severally for contract damages). The Court invited the parties to brief the proper nature of Travelers's liability as surety, but Travelers did not file a brief or any motion seeking to amend the judgment against it. Accordingly, Travelers will remain jointly and severally liable under the amended judgment.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to amend the judgment and for attorney fees (Doc. # 75) is hereby **granted in part and denied in part**. The motion is granted with respect to plaintiff's claim for contractual

interest, and the Court will issue an amended judgment that includes an award of contractual interest in the amount of $28,566.59. The motion is denied with respect to plaintiff's claims for penalty interest and attorney fees under the Missouri Prompt Payment Act.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for awards of attorney fees and prejudgment interest (Doc. # 76) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of January, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge